**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GIFFORD ROY THOMPSON,
Petitioner,

v.
                                                No. 96-1477
U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A40-385-845)

Submitted: March 31, 1997

Decided: April 24, 1997

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Curtis Leroy Solomon, Washington, D.C., for Petitioner. Frank W.
Hunger, Assistant Attorney General, David M. McConnell, Assistant
Director, John Andre, Senior Litigation Counsel, Office of Immigra-
tion Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gifford Roy Thompson petitions this Court for review of the final order of the Board of Immigration Appeals dismissing his appeal from the Immigration Judge's order. We deny Thompson's petition.

Despite two extensions of time in which to file applications seeking relief from deportation with the Immigration Judge (IJ), Thompson failed to timely file original copies of his applications and supporting materials. He also failed to file fee receipts or waivers with any of his application materials. Thompson does not contest his failure to file timely originals, he only asserts that the Immigration Judge's dismissal of his applications for lack of prosecution amounted to a violation of procedural due process given that he filed timely copies of these documents.

Immigration regulations require that all "[a]pplications and petition forms must be submitted in the original." 8 C.F.R. § 103.2(b)(4) (1996). These regulations also require that a fee receipt or waiver accompany any application or document requiring payment of a fee. 8 C.F.R. § 3.31(b) (1996). Thompson failed to comply with these requirements and thus his applications were not properly filed with the IJ. This failure to properly file within the appropriate time period effectively waives his opportunity to file. 8 C.F.R.§ 3.31(c) (1996).

The administrative record reveals that Thompson was clearly told what applications and documents he needed to file with the IJ. He was also given two extensions of time in which to file these documents. Accordingly, we find that he had a full and fair opportunity to file his applications. We thus find no procedural due process violation in the

2

Immigration Judge's dismissal of his applications for lack of prosecu-
tion or the Board's decision dismissing his appeal on this same basis.
We therefore deny his petition for review.

PETITION DENIED

3